**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-2471**

---

KENNETH SCHULT; STEVEN PARSLEY; ROBERT BANNON,

                                    Plaintiffs - Appellants,

        versus

INTERNATIONAL BUSINESS MACHINES CORPORATION,

                                    Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (CA-02-357-5-3BR)

---

Submitted:  October 27, 2004          Decided:  December 15, 2004

---

Before WILKINS, Chief Judge, and MICHAEL and TRAXLER, Circuit
Judges.

---

Affirmed by unpublished per curiam opinion.

---

Richard W. Rutherford, RUTHERFORD AND ASSOCIATES, Raleigh, North
Carolina, for Appellants.  C. Matthew Keen, OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kenneth Schult, Steven Parsley, and Robert Bannon (collectively, "Appellants") appeal district court orders dismissing their claims alleging that International Business Machines Corporation (IBM) wrongfully terminated their employment following an internal investigation of their alleged harassment of a former coworker. We affirm.

## I.

Appellants were employed by IBM as software programmers at its Research Triangle Park facility in North Carolina. Between August 2000 and June 2001, Appellants worked with Stan Jesionowski, a contract employee. In June 2001, IBM terminated Jesionowski's assignment, apparently because he was responsible for a project error. Jesionowski claims that before his termination, Appellants harassed him in various ways, including making comments suggesting that he--like other contract employees with whom Appellants had worked--would be terminated. Jesionowski further claims that after his termination, Appellants continued to harass him by email and telephone.

In October 2001, Jesionowski's attorney sent a letter to IBM describing Appellants' alleged conduct and threatening legal action. In response, IBM conducted an internal investigation of Jesionowski's charges. As part of this investigation, IBM

2

personnel interviewed Appellants separately. Appellants claim that they each requested that a coworker be present during their interviews but that these requests were denied. Further, Appellants allege that during their interviews they "were each advised, in words or substance, that they could avoid being fired by lying to change their accounts of the facts to agree with the accounts of other witnesses" whose testimony supported Jesionowski's claims. J.A. 10. Appellants refused to do so. Thereafter, IBM informed Appellants that they were being terminated for their conduct during the investigation.

Appellants subsequently brought this action in North Carolina state court asserting claims for wrongful discharge in violation of public policy, negligent infliction of emotional distress, and defamation. Regarding the wrongful discharge claim, Appellants' complaint alleged that IBM terminated Appellants for (1) refusing to falsely change their testimony during the investigation and (2) attempting to exercise their right under section 7 of the National Labor Relations Act (NLRA), see 29 U.S.C.A. § 157 (West 1998), to have a coworker present during their investigatory interviews, see NLRB v. J. Weingarten, Inc., 420 U.S. 251, 266-67 (1975). Appellants claimed that these motives contravened North Carolina public policy.

IBM removed the case to the Eastern District of North Carolina and moved to dismiss Appellants' wrongful discharge claim.

3

The district court held that Appellants' claim based on the alleged violation of their <u>Weingarten</u> rights was federally preempted because the National Labor Relations Board "has exclusive jurisdiction over any action arising from rights guaranteed under Sections 7 and 8 of the NLRA." J.A. 97 (citing <u>Richardson v. Kruchko & Fries</u>, 966 F.2d 153, 155 (4th Cir. 1992)). The district court also rejected Appellants' claim that IBM's other alleged motive for terminating their employment--Appellants' refusal to lie during the internal investigation--violated North Carolina public policy. The court noted that North Carolina courts have recognized a narrow public policy exception to the employment-at-will doctrine in cases in which the employer's conduct implicated a provision of state law. However, finding that no provision of North Carolina law was implicated by the conduct alleged here--involving an internal investigation by a private employer--the district court determined that it would be inappropriate to expand the public policy exception beyond the limits established by North Carolina courts. Accordingly, the district court dismissed Appellants' wrongful discharge claim.

Following discovery, IBM moved for summary judgment on Appellants' remaining claims for negligent infliction of emotional distress and defamation. The district court ruled that Appellants had not suffered the severe emotional distress necessary to sustain a claim under North Carolina law. Also, the district court held

4

that statements by IBM personnel concerning the investigation of Appellants and their termination were not actionable because they were subject to a qualified privilege protecting the internal discussion of employment matters.  The district court therefore granted summary judgment to IBM.

## II.

After reviewing the parties' briefs and the applicable law, we conclude that the district court correctly decided the issues before it.  Accordingly, we affirm on the reasoning of the district court.  See <u>Schult v. Int'l Bus. Machs. Corp.</u>, No. 5:02-CV-357-BR(3) (E.D.N.C. Jan. 3, 2003); <u>Schult v. Int'l Bus. Machs. Corp.</u>, No. 5:02-CV-357-BR(3) (E.D.N.C. Oct. 30, 2003).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>